UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALEXANDER C. BROOKS, JR.,

    Plaintiff,

v.                                                    Case No. 3:19-cv-1019-J-32JBT

MELISSA NELSON,
et al.,

    Defendants.

_____

## ORDER OF DISMISSIAL WITHOUT PREJUDICE

Plaintiff, Alexander C. Brooks, Jr., initiated this case by filing a pro se Civil Rights Complaint (Doc. 1) (Complaint) pursuant to 42 U.S.C. § 1983, a motion to proceed in forma pauperis (Doc. 2), and a motion to appoint counsel (Doc. 3). Plaintiff names three Defendants: Melissa Nelson, the State Attorney for the Fourth Judicial Circuit of Florida; Mike Williams, the Sheriff for the Jacksonville Sheriff's Office; and Ronnie Fussell, the Clerk of the Circuit and County Courts in and for Duval County, Florida.

Plaintiff's Complaint is not a model of clarity. He alleges that he has contacted each Defendant and requested that they arrest and/or file criminal charges for perjury against an individual named Kristine Willis. Doc. 1 at 12-13. However, according to Plaintiff, when he wrote to Defendant Nelson, she advised Plaintiff that "her office does not initiate [c]riminal charges," and that Plaintiff "would need to contact the Jacksonville Sheriff's Office to request that someone be charged with a crime." Id. at

13. Plaintiff alleges that when he contacted Defendant Williams, Defendant Williams responded that "he did not see any elements of probable cause in regards to [Plaintiff's] allegations of [p]erjury against Ms. Willis." Id. Plaintiff asserts that he also wrote to Defendant Fussell, but it is not clear if Defendant Fussell responded to Plaintiff's letter. Id. at 12-14. Plaintiff states that Defendants' refusal to investigate or pursue charges against Ms. Willis violates his Eighth and Fourteenth Amendment rights resulting in "emotional a[n]guish, emotional suffering and emotional stress." Id. at 4-5. As relief, Plaintiff seeks a preliminary injunction against Defendants; $60,000 in compensatory damages; $60,000 in "general damages"; and $60,000 in punitive damages. Id. at 14.

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). The Court liberally construes the pro se plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured under the Constitution or laws of the United States. See Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Moreover, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (quotations and citation omitted). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against a defendant.

Plaintiff fails to allege a plausible § 1983 claim against Defendants. Plaintiff "'lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'" Williams v. Monroe Cty. Dist. Attorney, 702 F. App'x 812, 814 (11th Cir. 2017) (quoting Smith v. Shook, 237 F.3d 1322, 1324 (11th Cir. 2001)). Plaintiff only asserts liability upon Defendants for their failure to properly investigate Ms. Willis for alleged perjury and/or ensure that criminal charges were pursued against her.

However, "[t]he decision to file or not file criminal charges falls within the category of acts that will not give rise to section 1983 liability." Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990); see, e.g., Lessor v. Dean, No. 5:09-cv-463-Oc-29GRJ, 2010 WL 668268, at *2 (M.D. Fla. Feb. 19, 2010) (holding that plaintiff failed to state a claim upon which relief could be granted because he only alleged that defendants failed to investigate and ensure that charges were brought against a female inmate who allegedly spit on plaintiff, and did not allege that any named defendant was personally involved in the alleged criminal act).

Further, insofar as Plaintiff attempts to hold Defendants liable based on the theory of respondeat superior, the Eleventh Circuit has rejected this theory of liability in § 1983 cases. See Keith v. DeKalb Cty., Ga., 749 F.3d 1034, 1047 (11th Cir. 2014) (citing Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)). see also Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (affirming the district court's dismissal of the secretary of the FDOC because the plaintiff failed to allege that the secretary personally participated in an action that caused the plaintiff injury or that the plaintiff's "injuries were the result of an official policy that [the secretary] established"). As such, this action is due to be dismissed without prejudice.

**ORDERED AND ADJUDGED:**

1.  This case is **DISMISSED without prejudice**.

2.  The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

4

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of September, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C:   Alexander C. Brooks, Jr., #119940